UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Joseph Tyrone Evans, #901460,** | ) C/A No. 3:06-2390-RBH-JRM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| David W. Melnyk, LLC, | ) |
| Defendant. | ) |

The plaintiff, Joseph Tyrone Evans, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a pre-trial detainee at Lexington County Detention Center and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names one defendant, David W. Melnyk, LLC, who allegedly was retained to obtain a bond reduction. The plaintiff is unsatisfied with the defendant's legal services provided. Plaintiff requests that this Court order the defendant to pay the plaintiff his money back plus additional monetary damages. Plaintiff claims to have exhausted his administrative remedies in compliance with 42 U.S.C. § 1997e(a). The complaint should be dismissed for failure to state a claim upon which relief may be granted.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*), cert. denied, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions

2

never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, (4th Cir. 1990).

## Background

Plaintiff is a pre-trial detainee at Lexington County Detention Center held on state charges, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  The complaint names one defendant, David W. Melnyk, LLC.  Plaintiff claims that he telephoned Attorney Ray Lord to discuss a bond reduction and that Mr. Lord gave the case to another attorney, defendant Melnyk.  Plaintiff hired defendant Melnyk to obtain a bond reduction so that the plaintiff could be released from jail during the resolution of his criminal proceeding.  Plaintiff claims that the defendant did not obtain a bond reduction (at least as of 08/20/2006, the date the plaintiff signed his complaint).[2]  Plaintiff states that when he telephoned the defendant to find out the status of his bond request the defendant stated he was waiting on the Solicitor and more paperwork.  Essentially, the plaintiff is unsatisfied with the defendant's legal services provided.

The plaintiff alleges that the defendant has the plaintiff's income tax refund check for $1418.25, which was either the payment made to defendant or a retainer.  Plaintiff requests that this Court order the defendant to pay the plaintiff his money back plus

---

[2]Notably, after the complaint was signed on August 20, 2006, it is possible that the plaintiff has received a bond reduction motion, hearing, or reduced bond in his criminal proceeding; therefore, the action could be moot.

3

additional monetary damages. Plaintiff also requests that defendant's law license be revoked.

## Discussion

A. No state action.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). When construing the plaintiff's complaint liberally, it appears that he intended to sue the defendant attorney Melnyk in his individual capacity.

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), cert. denied, 454 U.S. 1141 (1982) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).

In Hall v. Quillen, 631 F.2d at 1154, the district court had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. Although affirming the district court's order, the Court of Appeals indicated that lower courts should first determine whether state action occurred:

> [I]mmunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action. This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff.

4

Hall v. Quillen, 631 F.2d at 1155 (citations omitted).  See also Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").  Because attorney Melnyk has not acted under color of state law, this case fails to state a claim under 42 U.S.C. § 1983, and the defendant is entitled to summary dismissal.[3]

If the plaintiff intended to bring suit against attorney Melnyk's limited liability corporation (LLC), that defendant is also subject to summary dismissal.  In limited circumstances, a private entity defendant can act under color of state law for purposes of § 1983.  The Fourth Circuit has articulated three situations in which particular conduct by a private entity constitutes "state action."  See Conner v. Donnelly, 42 F.3d 220, 223 (4th Cir. 1994).  "First, a private party that is regulated by the state acts under color of state law where there is a ' sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'"  Id.  See also Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974).  Second, "where the state, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state."  Conner v. Donnelly, 42 F.3d at 224.  Third, where the private party exercised powers "that are 'traditionally the exclusive prerogative of the state.'"  Id. In this case, the plaintiff does not allege that the LLC's actions could be deemed

---

[3]In one place on the complaint, the plaintiff indicates that Ray Lord is an additional defendant.  However, taking the complaint as a whole, it appears that the plaintiff only intended to sue Melnyk.  Even if the plaintiff had named Mr. Lord as a defendant, Mr. Lord would be entitled to summary dismissal as well based on the same reasons.

state action nor does he allege any facts that would support that legal theory. The record is completely devoid of any facts that could possibly state a claim against the LLC under § 1983.

B. No constitutional law violation.

Although the plaintiff brings an action pursuant to § 1983 in his attempt to bring suit in federal court, he alleges that the defendant committed "the law of contract, a breach of trust, torts, infliction of mental distress, defamation, trends in contract law, statute of frauds, treble damages, standing, truse, usury." Even liberally construing the plaintiff's complaint, he does not allege that the defendant violated his constitutional rights nor does he allege that the defendant violated a law of the United States. Moreover, the complaint does not allege facts that would show either of these violations. As discussed above, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Because the first element of a 42 U.S.C. § 1983 claim is lacking, this complaint fails to state a claim.

C. Applicability of the "three strikes" law.

28 U.S.C. § 1915(e)(2) and (g) require an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." See Green v. Young, 454 F.3d 405, 406 (4th Cir. 2006). In this case, the plaintiff has not alleged facts that would satisfy elements one or two pursuant to 42 U.S.C. § 1983. Therefore, the plaintiff's action fails to state a

claim upon which relief may be granted, and pursuant to the plain language of 28 U.S.C. § 1915(e)(2) and (g), the undersigned finds that this action should be counted as a "strike" against the plaintiff.

### Recommendation

Accordingly, **it is recommended** that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. See <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Pursuant to 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), **it is further recommended** that this action be deemed a "strike." **Plaintiff's attention is directed to the important notice on the last page.**

                                                Respectfully submitted,

                                                s/Joseph R. McCrorey
                                                United States Magistrate Judge

September 11, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
